RECEIVED
IN LAKE CHARLES, LA

MAR - 2 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:08 CR00033-01 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JACQUELINE DESSELLE | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Presently before the court is the defendant's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence [doc. 44]. The Government filed an answer [doc. 48]. The defendant did not file a timely Reply.

PROCEDURAL HISTORY

On February 25, 2008, pursuant to a written plea agreement, the defendant, Jacqueline Desselle, pleaded guilty to a bill of information charging her with conspiracy to possess with intent to distribute methamphetamine beginning on a date unknown but no later than early 2005 until on or about November 27th. The bill of information charged her with conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. (Rec. Docs. 1, 9).

On January 14, 2010, the Court granted an oral motion to withdraw as attorney as to James E. Burks. (Rec. Docs. 27, 29 and 30). The docket sheet indicates that James E. Burks had been a CJA appointment.

On April 15, 2010, the Court issued an order providing that the direct appeal in this case was

being referred to the Office of the Public Defender for assignment of counsel. (Rec. Doc. 33). On April 22, 2010, the defendant was sentenced to 120 months imprisonment. (Rec. Docs. 34-35). The docket sheet shows that the attorney present at the sentencing was Joseph R. Streva, Jr..

The defendant failed to appear on the self-surrender date and, therefore, a criminal complaint was issued. On October 14, 2010, there was a show cause hearing as to Jacqueline Desselle. She was found to be in contempt of court and was sentenced to six months imprisonment to run concurrently with the sentence that she is already serving. (Rec. Docs. 41-42).

The defendant filed the instant motion on December 3, 2010.

## FACTS

The defendant was involved in distributing methamphetamine in the Calcasieu Parish area. The methamphetamine would be transported from Texas to Louisiana. (Stipulated Factual Basis-Rec.Doc. 9; PSI, paras. 1-15).

## Law and Analysis

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992).

"A 'collateral challenge may not do service for an appeal.'" *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.1991) (en banc). A defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show "both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *Shaid*, 937 F.2d at 232. The 28 U.S.C. § 2255 cause and actual prejudice standard presents a significantly higher hurdle than the plain error standard of review that

is applied on direct appeal. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.1992). The only exception to the cause and prejudice test is the "extraordinary case ... in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* Desselle has not asserted actual innocence.

The defendant raises several arguments concerning the voluntariness of her guilty plea. Because Desselle has not established the required cause or prejudice, these arguments cannot be considered, except as they concern the effectiveness of her counsel.

Desselle contends that her counsel was ineffective assistance by because he was a "state attorney," not a "federal attorney." An ineffective assistance of counsel claim is cognizable in a §2255 motion.

To establish ineffective assistance of counsel *Strickland v. Washington*, 466 U.S. 668 (1984), requires showing both that counsel's performance was deficient and that such deficient performance prejudiced the defense. *Id.* at 687. Deficient performance is based on an objective standard of reasonableness, considering all the circumstances. *Id.* at 688. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance", and judicial review is highly deferential to counsel's performance. *Id.* at 689.

In the context of a guilty plea, prejudice is present if there is a reasonable probability, that absent counsel's errors, the defendant would not have entered a guilty plea and would have insisted on a trial. *Hill v. Lockhart*, 106 S.Ct. 366 (1985); *Theriot v. Whitley*, 18 F.3d 311, 313 (5th Cir. 1994). Since the defendant pleaded guilty, all non-jurisdictional defects in the proceedings against the defendant are waived. This waiver includes all claims of ineffective assistance of counsel except

3

insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991); *Smith v. Estelle*, 711 F.2d 677 (5th Cir. 1983).

Regardless of his attorney's performance, "the conviction should be upheld if the plea was voluntary," for if the plea is voluntary, there is no prejudice. *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994). The burden of proof is on a § 2255 petitioner to prove her allegations. The defendant has introduced no evidence that this court did not comply with the provisions of Rule 11 of the Federal Rules of Criminal Procedure, requiring that "the court... shall not accept the (guilty) plea without first determining that the plea is made voluntarily with understanding of the nature of the charge." *Munich v. United States*, 337 F.2d 356 (9th Cir. 1964); *Domenica v. United States*, 292 F.2d 483 (1st Cir. 1961). The defendant has not established that her alleged ineffective assistance of counsel resulted in an involuntary guilty plea.

Although the defendant argues that her attorney at the time of her guilty plea was a "state attorney," the government has established that Mr. Burkes was a member of the CJA panel when he was appointed to represent her. Working as a state public defender does not preclude an attorney from also serving as a federal CJA panel attorney.

The defendant also argues that her attorney advised her that if she wanted to receive a Rule 35 motion from the government, she could not file an appeal. Nothing in the record supports this allegation.

The court advised the defendant of her right to appeal and Joseph Streva was appointed to represent her on appeal. She does not complain about Mr. Streva as an attorney. In fact, she asserts

4

that had he been her attorney from the onset, she would have received a Rule 35.

The court may not review the government's refusal to file a rule 35(b) motion unless its refusal is premised on an unconstitutional motive, such as race or religion, or the government has bargained away its discretion. *United States v. Grant*, 493 F.3d 464, 467-68 (5th Cir.2007). Desselle has not contended that the government's failure to file was based on an unconstitutional motive. *See id.* at 467.

Desselle seems to assert that she would not have consented to cooperate with the government without its agreement to file a rule 35(b) motion. She contends that during post-conviction meetings among her attorney, an Assistant U.S. Attorney, and case agents, the government promised to file the motion. Desselle's contentions are not supported by the documents she filed in support of her motion. *See Grant*, 493 F.3d at 467-68.

Accordingly, for the reasons set forth herein above, the defendant's §2255 motion will be denied.

Lake Charles, Louisiana, this __1__ day of ~~February~~ March, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE